UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SANTOS EUSEDA and RENE
GONZALEZ, on behalf of themselves
and all others similarly situated,

                              Plaintiffs,

- against -

A&R WHOLESALE BAGELS INC.
d/b/a EAST NORTHPORT BAGEL CAFE,
MUHAMMAD CHAUDHRY,
MUJAHID CHAUDHRY and
SHAKEEL CHAUDHRY,
individually,

                              Defendants.
------------------------------------------------------------------X

**COMPLAINT**

**FLSA COLLECTIVE**

Plaintiffs Santos Euseda (hereinafter referred to as "Euseda") and Rene Gonzalez ("Gonzalez") (collectively "Plaintiffs"), on behalf of themselves and all other similarly situated current and former workers by and through their attorneys, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of A&R Wholesale Bagels Inc. d/b/a East Northport Bagel Cafe, Muhammad Chaudhry, Mujahid Chaudhry and Shakeel Chaudhry, individually (collectively "Defendants"), allege the following:

### NATURE OF THE ACTION

1. This is a civil action brought by Plaintiffs and all others similarly situated to recover unpaid overtime compensation and spread of hours pay under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and New York Labor Law ("NYLL"). Plaintiffs and all other similarly situated non-exempt workers work or have worked as kitchen workers and cashiers for East Northport Bagel Cafe, a bagel cafe owned, controlled and operated by Defendants.

2. Plaintiffs bring this action on behalf of themselves and all other similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.,* and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants.

3. In addition, Defendants failed to provide Notice and Acknowledgement of Pay Rate and Payday as required under Section 195(1) of the NYLL as well as accurate wage statements as required under Section 195(3) of the NYLL.

4. Plaintiffs seek injunctive and declaratory relief against Defendants' unlawful actions, compensation for their failure to pay overtime wages and spread of hours pay, liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorney's fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

6. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District.

## PARTIES

**Plaintiff Santos Euseda**

8. Euseda is and was at all times relevant hereto an adult individual residing in Suffolk County, New York.

9. Euseda was employed by Defendants from on or about June 2019 through on or about July 2020.

10. Euseda was employed by Defendants as a kitchen worker.

11. Euseda was a covered employee within the meaning of the FLSA and the NYLL.

**Plaintiff Rene Gonzalez**

12. Gonzalez is and was at all times relevant hereto an adult individual residing in Suffolk County, New York.

13. Gonzalez was employed by Defendants from on or about October 2019 through on or about November 1, 2020.

14. Gonzalez was employed by Defendants as a kitchen worker and cashier.

15. Gonzalez was a covered employee within the meaning of the FLSA and the NYLL.

**Defendant A&R Wholesale Bagels Inc.**

16. On information and belief, A&R Wholesale Bagels Inc. is doing business as East Northport Bagel Cafe.

17. East Northport Bagel Cafe is a bagel café located at 355 Larkfield Rd, East Northport, NY 11731.

18. On information and belief, Defendants Muhammad Chaudhry, Mujahid Chaudhry and Shakeel Chaudhry maintain control, oversight and direction over East Northport Bagel Cafe.

19. At all times relevant to this action, East Northport Bagel Cafe was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

20. On information and belief, East Northport Bagel Cafe has (1) employees engaged in commerce or in the production of goods or materials for commerce and handling, selling,

or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

**Defendant Muhammad Chaudhry.**

21. Muhammad Chaudhry is a person engaged in business in Suffolk County, who is sued individually in his capacity as an owner, officer and/or agent of East Northport Bagel Cafe.

22. On information and belief, Muhammad Chaudhry maintains control, oversight and direction over East Northport Bagel Cafe.

23. On information and belief, Muhammad Chaudhry is the registered agent for A&R Wholesale Bagels Inc.

24. Muhammad Chaudhry exercises sufficient control over East Northport Bagel Cafe to be considered Plaintiffs' employer under the FLSA and NYLL, and at all times material hereto said Defendant had the authority to hire and fire Plaintiffs and established and maintained policies regarding the pay practices at East Northport Bagel Cafe.

25. Muhammad Chaudhry had substantial control over Plaintiffs' working conditions and practices alleged herein.

**Defendant Mujahid Chaudhry**

26. Mujahid Chaudhry is a person engaged in business in Suffolk County, who is sued individually in his capacity as an owner, officer and/or agent of East Northport Bagel Cafe.

27. On information and belief, Mujahid Chaudhry maintains control, oversight and direction over East Northport Bagel Cafe.

28. On information and belief, Mujahid Chaudhry is the brother of Shakeel Chaudhry.

29. Mujahid Chaudhry exercises sufficient control over East Northport Bagel Cafe to be considered Plaintiffs' employer under the FLSA and NYLL, and at all times material hereto

said Defendant had the authority to hire and fire Plaintiffs and established and maintained policies regarding the pay practices at East Northport Bagel Cafe.

30. Mujahid Chaudhry had substantial control over Plaintiffs' working conditions and practices alleged herein.

**Defendant Shakeel Chaudhry**

31. Shakeel Chaudhry is a person engaged in business in Suffolk County, who is sued individually in his capacity as an owner, officer and/or agent of East Northport Bagel Cafe.

32. On information and belief, Shakeel Chaudhry maintains control, oversight and direction over East Northport Bagel Cafe.

33. On information and belief, Shakeel Chaudhry is the brother of Mujahid Chaudhry.

34. Shakeel Chaudhry exercises sufficient control over East Northport Bagel Cafe to be considered Plaintiffs' employer under the FLSA and NYLL, and at all times material hereto said Defendant had the authority to hire and fire Plaintiffs and established and maintained policies regarding the pay practices at East Northport Bagel Cafe.

35. Shakeel Chaudhry had substantial control over Plaintiffs' working conditions and practices alleged herein.

## COLLECTIVE ACTION ALLEGATIONS

36. The claims in this Complaint arising out of the FLSA are brought by Plaintiffs on behalf of themselves and all other similarly situated persons who are current and former employees of Defendants since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

37. The FLSA Collective consists of approximately 25 similarly situated current and former kitchen workers and cashiers who have been victims of Defendants' common policy and

practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

38. As part of their regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiffs and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This policy includes, *inter alia*, the following: failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week.

39. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing costs and denying employees legally required compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiffs and the FLSA Collective.

40. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present action. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

41. The FLSA and NYLL require that employers pay all employees at least one and one-half (1.5) times the employee's wage for all hours worked in excess of 40 during any work week, unless they are exempt from coverage.

42. Defendants failed to compensate Plaintiffs and the FLSA Collective at one and one-half times the employee's wage for all hours worked in excess of 40 during any work week. The exact accounting of such discrepancy can only be determined upon completion of discovery.

43. Plaintiffs and the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 195(1); and anything otherwise required by law.

## STATEMENT OF FACTS

**Plaintiff Santos Euseda's Employment with Defendants**

44. Euseda worked as a kitchen worker for Defendants from on or about June 2019 through on or about July 2020.

45. Euseda's job duties as a kitchen worker primarily included preparing and cooking food.

46. Throughout his employment with Defendants, Euseda regularly worked more than 40 hours each week.

47. Euseda worked 6 days per week.

48. Euseda worked Thursday to Tuesday each week.

49. Euseda worked from 4 am to 3 pm or 4 pm each day.

50. Euseda did not receive a meal break.

51. Euseda was paid a flat hourly wage regardless of the number of hours worked per week.

52. Euseda was paid $12.00 per hour.

53. Euseda was paid weekly.

54. Euseda was always paid in currency (cash).

55. From on or about March 2020 through the end of his employment, Euseda was required to clock in and clock out at the beginning and at the end of his work day.

**Plaintiff Rene Gonzalez's Employment with Defendants**

56. Gonzalez worked as a kitchen worker and as a cashier for Defendants from on or about October 2019 through on or about November 1, 2020.

57. From on or about October 2019 through on or about February 2020, Gonzalez was primarily employed as a kitchen worker.

58. Gonzalez's job duties as a kitchen worker included cooking and preparing food.

59. From on or about March 2020 through the end of his employment, Gonzalez also worked as a cashier taking orders, serving customers and processing payments.

60. Throughout his employment with Defendants, Gonzalez was worked more than 40 hours each week.

61. Throughout his employment with Defendants, Gonzalez worked 6 days per week.

62. Throughout his employment with Defendants, the days Gonzalez worked each week varied.

63. From on or about October 2019 through on or about February 2020, Gonzalez was scheduled to work 3 days a week from 4 am to 2 pm and 3 days a week from 4:30 am to 12 pm.

64. From on or about March 2020 through the end of his employment, Gonzalez was scheduled to work 4 days a week from 4:30 am to 2 pm and 2 days a week from 4 am to 4 pm.

65. Gonzalez did not receive a meal break.

66. Gonzalez was paid a flat hourly wage regardless of the number of hours worked per week.

67. Gonzalez was paid $15.00 per hour.

68. Gonzalez was paid weekly.

69. Gonzalez was always paid in currency (cash).

**Defendants' Violations of the Wage Theft Protection Act**

70. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

71. Throughout the relevant time period, Defendants paid Plaintiffs without the proper accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

72. Plaintiffs were never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer and required by NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

## FIRST CAUSE OF ACTION
**Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act
(On Behalf of Plaintiffs and the FLSA Collective)**

73. Plaintiffs, on behalf of themselves and the FLSA Collective, re-allege and incorporate by reference all allegations in all preceding paragraphs.

74. Throughout the relevant time period, Plaintiffs and the FLSA Collective regularly worked in excess of forty (40) hours per work week.

75. At all relevant times throughout Plaintiffs and the FLSA Collective's employment, Defendants operated under a policy of willfully failing and refusing to pay Plaintiffs and the FLSA Collective one and one-half times the regular hourly rate of pay for all work in

excess of forty (40) hours per work week, and willfully failing to keep records required by the FLSA, even though Plaintiffs and the FLSA Collective were entitled to receive overtime payments.

76. At all relevant times throughout Plaintiffs and the FLSA Collective's employment, Defendants willfully, regularly and repeatedly failed to pay the required overtime rate of one and one-half times their regular hourly rate for all hours worked in excess of forty (40) hours per work week.

77. Defendants' decision not to pay overtime was willful.

78. Plaintiffs and the FLSA Collective seek damages in the amount of their unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorney's fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
**Failure to Pay Overtime Compensation in Violation of New York Labor Law**
**(On Behalf of Plaintiffs)**

79. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

80. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §652 and 12 NYCRR §142-2.2.

81. Defendants failed to pay Plaintiffs the overtime premium of one and one-half times the regular hourly rate of pay for all of their overtime hours worked, in violation of the NYLL.

82. Defendants' decision not to pay overtime was willful.

83. As a result of Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants unpaid overtime wages and liquidated damages, as well as reasonable attorney's fees and the costs of this action, including interest, pursuant to the NYLL.

## THIRD CAUSE OF ACTION
### Failure to Pay Spread of Hours Pay in Violation of New York Labor Law
### (On Behalf of Plaintiff Euseda)

84. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

85. At times, Plaintiff worked more than 10 hours in a work day.

86. Defendants willfully failed to compensate Plaintiff one hour's pay at the basic New York minimum hourly wage rate on days in which the length of his work day was more than 10 hours, as required by the NYLL.

87. Through their knowing or intentional failure to pay Plaintiff spread of hours pay, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

88. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid spread of hour wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
### Failure to Provide Annual Wage Notices in Violation of New York Labor Law
### (On Behalf of Plaintiffs)

89. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

90. Defendants willfully failed to supply Plaintiffs with wage notices, as required by NYLL, Article 6, §195(1), in English or in the language identified by Plaintiffs as their primary language, containing Plaintiffs' rate, including but not limited to overtime rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL, Article 6, §191.

91. Through their knowing or intentional failure to provide Plaintiffs the wage notices required by the NYLL, Defendants willfully violated NYLL, Article 6, §§190 *et seq*., and the supporting New York State Department of Labor Relations regulations.

92. Due to Defendants' willful violations of NYLL, Article 6, §195(1), Plaintiffs are entitled to statutory penalties of fifty dollars for each work day that Defendants failed to provide Plaintiffs with wage notices, or a total of five thousand dollars each, reasonable attorney's fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

### FIFTH CAUSE OF ACTION
### Failure to Provide Wage Statements in Violation of New York Labor Law
### (On Behalf of Plaintiffs)

93. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

94. Defendants willfully failed to supply Plaintiffs with accurate statements of wages as required by NYLL, Article 6, §195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

95. Through their knowing or intentional failure to provide Plaintiffs with the wage statements required by the NYLL, Defendants willfully violated NYLL, Article 6, §§190 *et seq*., and the supporting New York State Department of Labor Relations regulations.

96. Due to Defendants' willful violations of NYLL, Article 6, §195(3), Plaintiffs are entitled to statutory penalties of two hundred and fifty dollars for each work day that Defendants

failed to provide Plaintiffs with accurate wage statements, or a total of five thousand dollars each, reasonable attorney's fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for the entry of an order and judgment against Defendants A&R Wholesale Bagels Inc. d/b/a Easy Northport Bagel Cafe, Muhammad Chaudhry, Mujahid Chaudhry and Shakeel Chaudhry, jointly and severally, as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Damages for the unpaid overtime pay due to Plaintiffs and the FLSA Collective, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the FLSA;

(c) Damages for the unpaid overtime due to Plaintiffs, along with liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

(d) Damages for the unpaid spread of hours pay due to Plaintiff Euseda, along with liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

(e) Statutory penalties of fifty dollars for each work day that Defendants failed to provide Plaintiffs with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

(f) Statutory penalties of two hundred and fifty dollars for each work day that Defendants failed to provide Plaintiffs with accurate wage statements, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

(g) For pre-judgment and post-judgment interest on the foregoing amounts;

(h) For costs and disbursements of this action, including attorney's fees and expenses; and,

(i) For such other further and different relief as this Court deems just and proper.

Dated:  December 11, 2020
New York, New York

**THE LAW OFFICES OF JACOB ARONAUER**

By:   */s/ Jacob Aronauer*
Jacob Aronauer, Esq.
225 Broadway, 3rd Floor
New York, NY 10007
(212) 323-6980
jaronauer@aronauerlaw.com

*Attorney for Plaintiffs*